UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS MENDOZA-REBOLLOSO,

       Petitioner,

    v.                               Case No.:  2:26-cv-01050-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

       Respondents,

## OPINION AND ORDER

Before the Court are Jesus Mendoza-Rebolloso's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Mendoza-Rebolloso is a native and citizen of Mexico who entered the United States without inspection about 25 years ago.  After several traffic-related convictions, Immigration and Customs Enforcement ("ICE") arrested Mendoza-Rebolloso on July 31, 2014, and commenced removal proceedings by issuing a notice to appear.  On August 27, 2014, ICE released Mendoza-Rebolloso on a $3,000 immigration bond.  On February 11, 2026, ICE arrested Mendoza-Rebolloso on a warrant and issued a notice of custody determination.  Both the warrant and the notice explicitly invoke the authority granted by section 236 of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C.

§ 1226. Mendoza-Rebolloso is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether § 1225(b)(2) or § 1226(a) of the INA applies to Mendoza-Rebolloso. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Mendoza-Rebolloso asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

2

in those cases, Mendoza-Rebolloso's detention is governed by § 1226(a), not § 1225(b)(2). In fact, ICE explicitly relied on § 1226 when it arrested Mendoza-Rebolloso. As a noncitizen detained under § 1226(a), Mendoza-Rebolloso has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Mendoza-Rebolloso before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Mendoza-Rebolloso's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

3

bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Mendoza-Rebolloso to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Mendoza-Rebolloso receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jesus Mendoza-Rebolloso's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Mendoza-Rebolloso for an individualized bond hearing before an immigration judge or (2) release Mendoza-Rebolloso under reasonable conditions of supervision. If the respondents release Mendoza-Rebolloso, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record